**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Hui Yuan | CASE NUMBER |
| v.                                    PLAINTIFF(S) | 8:26-cv-00899-DOC-DFM |
| Justin Bowen | **AMENDED** ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.          ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☒ removal jurisdiction.
    ☐ The action is frivolous or malicious.
    ☐ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| May 1, 2026 | *David O. Carter* |
| Date | United States District Judge |

CV-73 (07/22)          ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). Removal was improper in this matter because no federal causes of action were pled.

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Diversity jurisdiction also does not exist in this matter.

*(attach additional pages if necessary)*

CV-73 (07/22)          **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**